UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| NGM INSURANCE CO. | ) | |
| | ) | |
| Plaintiff, | ) | 1:11-CV-146 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| WALKER CONSTRUCTION & | ) | |
| DEVELOPMENT, LLC, *et al.*, | ) | |
| | ) | |
| Defendants/Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE OLIVERA & JOSE GONZALES | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## **M E M O R A N D U M**

Before the Court are two pretrial filings: an objection (Court File No. 45) and a motion in limine (Court File No. 53) filed by Defendant/Third-Party Plaintiffs Walker Construction and Development, LLC, Brent D. Walker, Donald E. Walker, and Rhonda S. Walker ("Defendants"). Defendants object to significant portions of witness depositions and exhibits listed in Plaintiff NGM Insurance Co.'s ("Plaintiff") pretrial disclosure. Defendants also filed a motion in limine that expands upon objections filed to the pretrial disclosure, arguing portions of witness depositions should be excluded as improper expert witness testimony. Plaintiff responded in opposition to the objection, and alternatively moved to strike it (Court File No. 46). Plaintiff also responded to Defendants' motion in limine (Court File No. 58). For the following reasons, the Court **DENIES** Plaintiff's motion to strike, but does conclude Defendants waived a number of their objections (Court File No. 46). The Court will provide Plaintiff the opportunity to respond to the remainder

of Defendants' objections on the merits, and notes such a response should be filed on or before the Final Pretrial Conference scheduled on January 4, 2013. The Court also **GRANTS IN PART** and **DENIES IN PART** Defendant's motion in limine (Court File No. 58).

## I.  OBJECTIONS

In preparation for trial, Plaintiff deposed Angelo Kyriakides, Steven Rothfield, and Doris Ladd by video. Plaintiff plans to offer the entire deposition of Kyriakides and Rothfield at trial, and to offer the deposition of Ladd if she is unavailable (Court File No. 50). Defendant has provided the Court with a voluminous list of objections to statements made by each witness in his or her deposition. Additionally, Defendants list numerous objections to many exhibits listed in Plaintiff's pretrial disclosure.

### 1. Timeliness

As an initial matter, Plaintiff argues Defendants' objections were untimely filed and the Court should consider them waived. Plaintiff filed its pretrial disclosure on October 15, 2012. Defendants filed their response seventeen days later, on November 1, 2012. Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure provides fourteen days for filing objections to pretrial disclosures, which in this case would have been October 29, 2012. However, as Defendants rightly note, Rule 6(d) of the Federal Rules of Civil Procedure provides an additional three days when service is performed, as here, under Rule 5(b)(2)(E).[1] *See SL Tennessee, LLC v. Ochiai Georgia, LLC*, No. 3:11-CV-340, 2011 WL 7154486, at *2 n.1 (E.D. Tenn. Dec. 8, 2011); *Estate of Hickman v. Moore*,

---

[1] Rule 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made under [Rule 5(b)(2)(E),] 3 days are added after the period would otherwise expire under Rule 6(a)." Rule 5(b)(2)(E) states "[a] paper is served under this rule by . . . sending it by electronic means if the person consented in writing."

2

Nos. 3:09-CV-69; 3:09-CV-102, 2011 WL 1058934, at *2 n.3 (E.D. Tenn. March 21, 2011). Accordingly, Defendants' objections were timely filed and Plaintiff's motion to strike the objections as untimely is **DENIED**.

**2. Waiver**

Plaintiff also argues much of Defendants' objections to the Kyriakides and Rothfield depositions were waived pursuant to Rule 32(d) of the Federal Rules of Civil Procedure. Under Rule 32(d), an objection to an "error or irregularity at an oral examination is waived if[] it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and [] it is not timely made during the deposition." Moreover, "[a]n objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at the time." Defendants respond the parties had a course of conduct, as evidenced by several other depositions, of reserving objections except as to the form of the question. However, Defendants point to no case law to suggest the Court can presume such objections were reserved based on a course of conduct. Further, the Court believes it is conceivable these two witnesses, whose testimony Plaintiff was planning to present at trial via their depositions, would be treated differently by the parties.

The Sixth Circuit's explanation of the underlying justification for Rule 32(d) is apt in this case.

> If the objection could have been obviated or removed if made at the time of the taking of the deposition, but was not made, then that objection is waived. The focus of the Rule is on the necessity of making the objection at a point in the proceedings where it will be of some value in curing the alleged error in the deposition. When a party waits until trial to object to testimony in the deposition, the only manner in which to cure the deposition is to bar the objectionable portions from the trial. It is

3

> important that objections be made during the process of taking the deposition, so that the deposition retains some use at the time of trial; otherwise counsel would be encouraged to wait until trial before making any objections, with the hope that the testimony, although relevant, would be excluded altogether because of the manner in which it was elicited.

*Bahamas Agr. Indus. Ltd. v. Riley Stoker Corp.*, 526 F.2d 1174, 1181 (6th Cir. 1975). The final sentence of the Sixth Circuit's explanation is particularly relevant here. Defendants allowed Plaintiff nearly free reign to ask questions during the deposition, objecting only once at Rothfield's deposition and three times at Kyriakides'. Now Defendants submit objections to over forty individual portions of each deposition, forty-one as to Rothfield and forty-two as to Kyriakides by Plaintiff's count. Moreover, these objections are frequently on multiple grounds. Not only would omitting the many statements challenged by Defendants' objections make presenting the video-taped depositions nearly impossible, but considering every objection that could have been raised and cured during the deposition taxes the Court's resources.

The Court concludes many of Defendants' objections were waived when they failed to raise them during the deposition. Specifically, any objection based on the form of the question or answer is waived. This includes leading questions, lack of foundation, assuming facts not in evidence, mischaracterization or misleading question, non-responsive answer, lack of personal knowledge, testimony by counsel, speculation, asked and answered, argumentative question, and witness' answers that were beyond the scope of the question. *See Harper v. Griggs*, No. 04-260-C, 2007 WL 486726, at *1-2, *2 n.1 (W.D. Ky. Feb. 12, 2007). The Court will entertain objections as to relevance, prejudice, hearsay, and confusion of the issues.[2] In addition to responding to these

---

[2] The Court will determine the objections as to improper opinion testimony in its discussion of the motion in limine.

4

objections on the merits, Plaintiff is free to argue the specific objection could have been cured at the deposition and was therefore waived. *See Kirschner v. Broadhead*, 671 F.2d 1034, 1038 (7th Cir. 1982) (finding relevance objection was waived). The Court will also entertain the few objections made during the deposition.

With respect to the objections made to Ladd's testimony, the deposition contains a stipulation all objections not to the form of the question are reserved. Also numerous objections to Ladd's testimony were made at the deposition. The Court will consider the objections raised during Ladd's deposition and will also consider objections not raised at Ladd's deposition to the extent they are not based on the form of the question. Objections based on the form of the question include objections to leading questions, a lack of proper foundation, questions assuming facts not in evidence, and argumentative questions.[3]

Plaintiff will be provided an opportunity to respond to these objections on the merits. The Court notes, due to the large number of objections, such a response should come on or before the Final Pretrial Conference scheduled for this case on January 4, 2013 so the Court will have sufficient time to rule on the objections before the trial begins.

**3. Exhibits**

In addition to the above objections, Defendants object to many of Plaintiff's exhibits listed in Plaintiff's pretrial disclosure. Plaintiff argues the Court should deny these objections because Defendants also list those exhibits in their own pretrial disclosure. Defendants respond they listed the exhibits in their own pretrial disclosure out of an abundance of caution, so that they might use

---

[3] The Court notes Plaintiff only plans to offer Ladd's deposition if she is unavailable during the trial.

the exhibit if the Court overruled their objection. As Defendants note, Plaintiff provides no authority for the suggestion such alternative listing of exhibits is in violation of any local rule or the Federal Rules of Civil Procedure. Accordingly, the Court will consider the objections to Plaintiff's exhibits. Without access to the exhibits, the Court is not in a position to rule on them at this time. The Court therefore **RESERVES RULING** on Defendants' objections to Plaintiff's exhibits.

**II.     MOTION IN LIMINE**

Defendants also filed a motion in limine seeking to exclude portions of Kyriakides', Rothfield's, and Ladd's depositions. Defendants argue portions of each witness's testimony constitute expert testimony under Rule 702 of the Federal Rules of Civil Procedure, and none of the witnesses was listed as a potential expert as required by Rule 26. Plaintiff argues each witness merely provided lay witness opinion testimony, and no Rule 26 notice was required.

Rule 26(a)(2) requires a party planning to present expert testimony disclose the identity of the potential expert witnesses by the dates provided by the Court, which in this case have passed. There is no dispute the witnesses at issue were not properly identified as expert witnesses. The only issue is whether the testimony contained in their depositions constitutes expert testimony under Rule 701. *See Braun Builders, Inc. v. Kancherlapalli*, No. 09-11534-BC, 2010 WL 1981008 (E.D. Mich. May 18, 2010).

The distinction between lay and expert witness testimony is contained in Rule 701 of the Federal Rules of Evidence, which provides

> [i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*.

6

Fed. R. Evid. 701 (emphasis added); *see United States v. White*, 492 F.3d 380, 400 (6th Cir. 2007) (containing above emphasis). Rule 701 was amended in 2000 "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 advisory committees notes (2000). The Court must scrutinize the witness' testimony "under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* The distinction between lay testimony, which "results from a process of reasoning familiar in everyday life," and expert testimony, which "results from a process of reasoning which can be mastered only by specialists in the field" is "far from clear in cases where, as here, a witness with specialized or technical knowledge was also personally involved in the factual underpinnings of the case." *White*, 492 F.3d at 401. "[T]he key to making a proper determination is to focus not on the witness, but on the testimony the witness intends to provide." *Braun Builders*, 2010 WL 1981008, at *3 (citing *White*, 492 F.3d at 403). The following guidance from *Braun Builders* is useful in directing the Court's analysis.

> Guza may testify as a lay witness concerning his personal knowledge of the facts of this case. He may testify, for example, that he inspected the house and noted it was missing shingles from the roof, that the interior framing was only partially completed, or that windows in front of the house were eighteen inches from the floor. He may not, however, apply the technical and specialized knowledge he has gained through his years of training and experience as a construction contractor to explain how much it would cost to remedy particular construction defects. Such testimony fits into Rule 702 and requires proper disclosures and an expert report before it will be admitted.

*Id.* at *3.

Here, Defendant objects to numerous portions of the three depositions. Many of the objections to Rothfield's deposition are unfounded. A number of the objections dealt with Rothfield

testifying both to the contents of the contract between Defendants and Plaintiff and as to his expectations under the contract (Court File No. 46-1, Rothfield Dep., 18:15 – 19:3; 20:10 – 20:19; 35:12 – 35:19; 44:18 – 45:11). Such testimony is not expert testimony, because Rothfield was not invited to apply any specialized knowledge. He testified to minutes of a meeting he read in which concerns were expressed about Defendants' work performance (*id.* at 40:1 – 40:12). He also testified as to what Kyriakides or other parties told him and what he had seen, but he did not apply any specialized knowledge to their statements or to his observations (*id.* at 40:18 – 42:02; 42:3 – 42:11; 60:20 – 61:12; 68:21 – 69:14; 70:20 – 71:13; 72:15 – 73:12; 138:7 – 139:2; 152:4 – 152:5; 155:6 –155:20). Other times he testified to the contents of letters he had written (*id.* at 43:6 – 44:9), or to personal observations (*id.* at 54:14 – 55:4; 59:10 – 59:13). None of these statements could be classified as expert testimony.

There were, however, a handful of statements that the Court will exclude as improper under Rule 701. At one point, Rothfield described the Department of Housing and Urban Development's ("HUD") grant program and how it applied to the contracts at issue (*id.* at 36:2 – 37:1). This testimony required Rothfield apply his specialized knowledge of HUD's grant program to the facts of the case. Such testimony falls within Rule 702. He was also asked his opinion of the bond company that responded to Plaintiff's claims and responded he thought they acted "reasonably" and "in good faith" (*id.* at 76:8 –76:21). At one point Rothfield was asked about the purpose of a construction technique called "wall flashing" and problems associated with water penetrating the masonry (*id.* at 69:15 – 70:19). He later testified to whether something was a "concealed condition" because it was covered by brick (*id.* at 73:13 – 73:17). He was asked about installing windows with a particular kind of nail (*id.* at 155:20 – 156:18). He was asked his "opinion" whether a number of

8

the construction issues were properly resolved (*id.* at 62:5 – 62:10). Not only does this testimony require the application of specialized knowledge, it requires the application of specialized knowledge Rothfield does not have. Indeed, in response to the nail question, Rothfield answered "I don't know. That's an Angelo Kyriakides or Dineen West question." Accordingly, the Court excludes the listed testimony as improper opinion testimony under Rule 701.

Defendants makes fewer improper testimony objections to Ladd's testimony, but they are well taken. At one point Ladd reads language from a document prepared after an inspection of one of the buildings at issue and is asked whether she observed the reported condition personally (Court File No. 58-1, Ladd Dep., 27:5 – 28:15; 29:5 – 9; 29:13 – 24; 30:3 – 7). Later in her testimony, Ladd was asked whether she observed "dry stacking," where bricks are laid on top of each other without mortar (*id.* at 52:16 – 53:9). She testified about portions of the buildings she had observed and whether a condition was a "concealed condition" (*id.* at 53:12 – 20; 55:12 – 56:8). She was asked whether it was her understanding that "when the project was going forward on correction and completion they had to actually remove the fascia so they could see the block work," and to confirm the definition of dry stacking (*id.* at 52:16 – 19; 53:6 – 9). Although some of this testimony seems observational, they were not observations a lay person would be qualified to make. For example, a lay person would be unlikely to understand whether "vapor barriers" were installed properly, or whether a "[t]hrough-wall flashing" was installed as required by architectural drawings (*id.* at 29:5 – 9; 30:3 –7). Although Ladd was merely asked whether she observed these conditions, her testimony confirms the presence of conditions only someone with specialized knowledge could confirm. In that sense it is unlike noting missing roof shingles or the height of a window frame, as in *Braun Builders*. Because Ladd was not disclosed as an expert, these portions of her deposition,

9

should it be necessary, must be excluded.

Kyriakides testimony similarly involved the application of specialized knowledge under Rule 702. Large portions of Kyriakide's testimony were explicitly based on his expertise. Kyriakide was asked such questions as "was it installed correctly," (Court File No. 46-2, Kyriakides Dep., 16:6); "were they located in the correct position," (*id.* at 16:16), and "[n]ow, trenches can be filled . . . with a shovel? . . . [a]nd then this can be laid and that issue remedied; is that correct," (*id.* at 60:21 – 61:5). His responses included detailed explanations of the construction process as well as best construction practices. For instance, he explained price differences of roofing and masonry (*id.* at 78:4 – 79:8). He was even asked if he would recommend the contractor and responded he would not, explaining "[i]t's not a contractor I would retain. I wouldn't recommend him. It was not, not a great quality construction" (*id.* at 48:12 – 14). These questions and answers are merely examples of Kyriakide's testimony, and are indicative of the degree to which Kyriakide depended on his specialized knowledge and was called on to apply it. The following portions of his testimony may not be offered at trial because, although Kyriakides is competent to testify as an expert, he was not disclosed as one. To the extent the following portions contain simple observations, those observations are so intertwined with Kyriakides' explanations and opinions based on his specialized expertise that they must be excluded. 16:6 – 12; 16:17 – 17:15; 17:19 – 18:15; 19:2 – 19:21; 20:4 – 21:5; 21:6 – 21:14; 23:11 - 24:1; 25:1 – 26:4; 26:18 – 26:21; 27:8 – 28:5; 28:10 – 29:16; 30:7 – 30:18; 31:12-32:8; 33:1 – 33:13; 34:7 – 34:17; 35:7 – 35:17; 36:15 – 36:21; 37:10-18; 48:7 – 48:14; 54:10 – 55:7; 61:4 – 21; 62:15 – 63:3; 74:19 – 75:11; 77:8 – 78:3; 78:4 – 79:8; 80:14-82:12; 87:13 – 88:6; 88:15 – 89:6; 89:7-90:15; 91:5 – 92:8.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion in limine

10

Case 1:11-cv-00146-CLC-SKL   Document 59   Filed 12/13/12   Page 10 of 12   PageID #: 813

(Court File No. 53).  The following portions of Plaintiff's offered depositions will be excluded.

Rothfield: 36:2 – 37:1; 62:5 – 62:10; 69:15 – 70:19; 73:13 – 73:17; 76:8 –76:21; 155:20 – 156:18.

Ladd: 27:5 – 28:15; 29:5 – 9; 29:13 – 24; 30:3 – 7; 52:16 – 53:9;53:12 – 20; 55:12 – 56:8; 52:16 – 19; 53:6 – 9; 29:5 – 9; 30:3 –7

Kyriakide: 16:6 – 12; 16:17 – 17:15; 17:19 – 18:15; 19:2 – 19:21; 20:4 – 21:5; 21:6 – 21:14; 23:11 - 24:1; 25:1 – 26:4; 26:18 – 26:21; 27:8 – 28:5; 28:10 – 29:16; 30:7 – 30:18; 31:12-32:8; 33:1 – 33:13; 34:7 – 34:17; 35:7 – 35:17; 36:15 – 36:21; 37:10-18; 48:7 – 48:14; 54:10 – 55:7; 61:4 – 21; 62:15 – 63:3; 74:19 – 75:11; 77:8 – 78:3; 78:4 – 79:8; 80:14-82:12; 87:13 – 88:6; 88:15 – 89:6; 89:7-90:15; 91:5 – 92:8.

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion to strike (Court File No. 46) but will deem a number of objections to Plaintiff's pretrial disclosure waived.  Plaintiff is provided an opportunity to respond to the remainder of objections on the merits on or before the January 4, 2014 Final Pretrial Conference.  Additionally, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion in limine (Court File No. 53).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

11